**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000528
06-MAY-2022
08:00 AM
Dkt. 73 SO**

NO. CAAP-21-0000528

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF NO

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 18-00227)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Mother-Appellant (**Mother**) appeals from the Order Terminating Parental Rights filed on August 26, 2021 (**Termination Order**), in the Family Court of the First Circuit[1] (**Family Court**), which terminated Mother's parental rights to her pre-school-age daughter, NO (**NO** or **Child**).[2]

In her Points of Error, Mother challenges Findings of Fact (**FOFs**) 34, 73, 98, 100, 102, 103, 105, and 106 and

---

[1] The Honorable John C. Bryant, Jr. presided.

[2] The parental rights of NO's father (**Father**) were also terminated. However, Father did not appeal that decision.

Conclusions of Law (**COLs**) 9 and 10, contending that they were made as an abuse of discretion. Mother argues that the record lacks substantial evidence that (1) she is not willing and able to provide NO a safe family home with the assistance of a service plan, (2) it is not reasonably foreseeable that Mother would become willing and able to do so within a reasonable time, and (3) the permanent plan of adoption is in NO's best interests. Mother asks the court to vacate the Termination Order and remand the case to the Family Court for further proceedings.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Mother's arguments as follows:

The challenged FOFs and COLs state:

> [FOF] 34. The further trial on the DHS' MTPR was held on August 26, 2021. Further testimony was taken from the DHS social worker Maili Taele and Mother. At the conclusion of the trial, the Court granted the DHS' MTPR. Pursuant to HRS § 587A-33(a), the Court found by clear and convincing evidence that: (1) Mother and Father are not willing and able to provide the Child with a safe family home, even with the assistance of a service plan; (2) it is not reasonably foreseeable that Mother or Father will becoming willing and able to provide the Child with a safe family home, even with the assistance of a service plan, within a reasonable period of time; and (3) the proposed Permanent Plan dated October 26, 2020, is in the best interests of the Child. The Court terminated the parental rights of Mother and Father; awarded permanent custody of the Child to DHS; and ordered the Permanent Plan dated October 26, 2020.
>
> . . . .
>
> 73. Mother completed parenting education classes while residing at the Women's Way program; however, Mother is unable to demonstrate and effectively apply the skills learned.

. . . .

98. Mother continues to minimize the severity of her substance abuse issues. Mother believes that she no longer suffers from substance abuse.

. . . .

100. Mother failed to complete any substance abuse treatment, random urinalyses program, or individual therapy, as ordered by the Court.

. . . .

102. Mother fails to understand how her behaviors and poor decision-making pose a threat to the Child's wellbeing.

103. Mother is not committed to meaningfully engaging in services.

. . . .

105. Mother is not presently willing and able to provide the Child with a safe family home, even with the assistance of a service plan.

106. It is not reasonably foreseeable that Mother will become willing and able to provide the Child with a safe family home, even with the assistance of a service plan, within a reasonable period of time not to exceed two years from the Child's date of entry into foster care.

. . . .

[COL] 9. The Child's legal mother, legal father, adjudicated, presumed, or concerned natural father, as defined under HRS Chapter 578A, are not presently willing and able to provide the Child with a safe family home, even with the assistance of a service plan.

10. It is not reasonably foreseeable that the Child's legal mother, legal father, adjudicated, presumed, or concerned natural father, as defined under HRS Chapter 578A, will become willing and able to provide the Child with a safe family home, even with the assistance of a service plan, within a reasonable period of time.

FOF 34 merely recites the trial proceedings and comes directly from the trial transcript.

Regarding FOF 73, Mother contends that she was unable to demonstrate her parenting skills because NO was taken into

3

temporary foster custody on September 24, 2019. This argument lacks merit as Mother fails to show that she could not demonstrate her parenting skills through supervised weekly visits with NO, which were ordered in her service plans. See, e.g., In re EG, No. CAAP-17-0000003, 2018 WL 4204159, at *4 (Haw. App. Sept. 4, 2018) (SDO) (observing that the father could have demonstrated parenting skills through supervised visits).

Regarding FOF 98, Mother contends that she acknowledged her insight into her substance abuse and demonstrated it by attending Alcoholics Anonymous (**AA**) and Narcotics Anonymous (**NA**) meetings and seeking treatment. Mother testified that her alcohol dependency and substance abuse issues are lifelong battles, she recognized her failure to make the changes necessary to succeed, and she asked her friends to help her quit drinking when it got "out of hand." However, Department of Human Services (**DHS**) Social Worker Maili Taele (**Taele**) testified that Mother is in denial and does not fully acknowledge the extent her substance abuse affects her parenting ability. The Family Court found Taele to be credible, and that her opinions and expert assessments were based on facts provided by service providers and DHS personnel, and that the facts used to form her opinions and assessments were of a type reasonably relied upon by experts in her field. "It is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact[.]" State v. Kwong, 149 Hawaiʻi 106, 112, 482 P.3d 1067,

1073 (2021) (internal citation omitted). Taele's testimony is supported by, *inter alia*, evidence that Mother has an extensive history of use of illegal substances and was unable to refrain from using substances while she was pregnant, NO tested positive for amphetamines at birth, and Mother took NO with her to abuse substances more than once, including spending a weekend in a hotel with Father, who had not addressed his own safety issues. Mother failed to provide evidence of attending NA meetings, and the only credible evidence she provided of attending AA meetings was for the last three months of 2020.

Regarding FOF 100, Mother contends that she was near completion of substance abuse services at the time of trial. Even if true, this does not contradict FOF 100, which reflects Mother's repeated failures to complete ordered services.

Regarding FOF 102, Mother contends that she testified that she felt guilty and regretful about relapsing. However, the Family Court found Mother not credible, and Taele credibly testified that Mother does not fully acknowledge the extent her substance abuse affects her parenting ability.

Regarding FOF 103, Mother contends that she was engaged in substance abuse treatment and individual therapy at the time of trial. However, despite the passage of nearly three years, Mother had failed to complete any substance abuse treatment, comply with the random urinalysis (**UA**) program, or complete therapy.

Accordingly, we conclude that the Family Court did not clearly err with respect to FOFs 34, 73, 98, 100, 102, or 103.

Particularly with respect to FOFs 105 and 106, and COLs 9 and 10, Mother challenges the Family Court's decision to terminate her parental rights. Mother contends that there is no substantial evidence of unresolved substance abuse issues to find that she was not presently willing and able to provide NO with a safe family home, even with the assistance of a service plan. Mother argues that there is insufficient evidence that her claim of sobriety from alcohol was untrue, that her substance use posed a risk of harm to NO, or that she used methamphetamine in the last year. Mother further argues that a missed UA is not definitive evidence of a lack of sobriety, she was candid about her substance use, and though the evidence may create a presumption of unresolved substance abuse, it is not corroborated by credible testimony. Mother contends FOF 105 and COL 9 are clearly erroneous because she secured an apartment and a job, and she continues to work on her services.

A parent's history of substance abuse is a factor in determining the safety of a family home. Hawaii Revised Statutes (**HRS**) § 587A-7(a)(7) (2018). Regarding Mother's claims of sobriety, the Family Court found her not credible, and we will not disturb the Family Court's assessment of the credibility of witnesses here. See Kwong, 149 Hawaiʻi at 112, 482 P.3d at 1073. Mother has not been candid about her substance use; she

6

repeatedly tested positive for methamphetamine, admitted to consuming alcoholic beverages while "on pass" from a residential treatment program, and she repeatedly failed to participate in random UA testing.  Missed UA tests are considered to be presumptively positive.  In re JM, 150 Hawaiʻi 125, 129, 497 P.3d 140, 144 (App. 2021).  The record reflects other incidents of apparent intoxication.  Taele credibly testified that Mother has attempted residential treatment at six different centers and has yet to complete one without relapsing.  We reject Mother's argument that the record lacks substantial evidence to conclude that she has not resolved her substance abuse issues.

Mother further contends that the Family Court should have given her more time to complete her services to demonstrate her willingness and ability to provide a safe family home. Specifically, she argues that Taele testified that she was looking for Mother to complete a program and obtain a clinical discharge, and the Family Court should have continued trial since Mother was only four weeks away from completing her treatment with Action with Aloha.  Mother raises these arguments to challenge FOF 106 and COL 10.

We reject Mother's argument that the Family Court abused its discretion when it declined to give Mother more time to complete ongoing substance abuse treatment in light of her repeated failures to complete treatment without relapsing. Additionally, NO had been in foster custody for nearly two years

at the time of trial, and "[t]he two-year time limit [in HRS § 587A-33(a)(2)] is the maximum a parent is allowed within which to demonstrate that the parent can provide a safe home, not the minimum." See, e.g., In re GH, Nos. 29187, 29188, 2009 WL 1426786, at *2 (Haw. App. May 22, 2009) (SDO). In addition, Mother had failed to complete other court-ordered services and directives.

Finally, Mother contends that the termination of her parental rights with a goal of adoption is not in the Child's best interests because Mother stayed engaged with NO throughout the case, DHS failed to provide in-person visits in May 2021, and Mother and NO's relationship was developing.

However, Mother fails to point to any evidence that DHS failed to provide in-person visits, as ordered. Though Taele testified that Mother had no in-person visits in the months preceding trial, this appears to be because Mother delayed in providing proof of Covid vaccination, resulting in DHS being unable to process the paperwork. Moreover, the Family Court presumes it is in a child's best interests to be promptly and permanently placed in a safe and secure home and give greater weight to the presumption that the permanent plan is in the child's best interest the younger they enter foster custody. HRS § 587A-33(a)(3)(A), (B). Thus, even if Mother stayed engaged with the Child, their relationship developed, and she had in-person visits in the months before trial, she nonetheless had not

progressed in addressing her substance abuse issues, which was necessary to demonstrate that she could provide a safe and secure home within a reasonable period of time. NO had been in temporary foster care for nearly two years at the time of trial, and in that time, Mother failed to resolve the issues that prompted removal of NO from Mother's care. Accordingly, we conclude that Mother has failed to show that the Family Court clearly erred in determining the Permanent Plan was in the Child's best interest.

For these reasons, the Family Court's August 26, 2021 Termination Order is affirmed.

DATED: Honolulu, Hawaiʻi, May 6, 2022.

On the briefs:

Kaupenaikaika F. Soon,
for Mother-Appellant.

Asami M. Williams,
Julio C. Herrera,
Deputy Attorneys General,
for Petitioner-Appellee
 DEPARTMENT OF HUMAN SERVICES.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge